Shakira Banks
7816 Plum St., Unit B
Shaw Air Force Base, SC 29152
318.376.5892
Shakira.bnaks@icloud.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA - COLUMBIA DIVISION

| | |
|---|---|
| SHAKIRA N. BANKS,<br><br>Plaintiff,<br><br>vs.<br><br>ED FINANCIAL SERVICES, LLC,<br><br>Defendant | Case No.: TBA<br><br>COMPLAINT & JURY TRIAL DEMANDED |

## COMPLAINT

## INTRODUCTION *(Fed. R. Civ. P. 8(a)(2))*

1. This is an action for damages and equitable relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Ed Financial Services, LLC's failure to conduct a reasonable investigation and its continued furnishing of materially false credit information after receiving actual notice of inaccuracy.

2. Plaintiff Shakira N. Banks, a resident of Sumter, South Carolina, maintained federal student loans serviced by Defendant that were subject to a confirmed, institution-approved deferment based on active enrollment.

3. Despite written confirmation of deferment and repeated direct disputes communicated to Defendant, Ed Financial continued to report Plaintiff's student loans as delinquent, including "serious delinquency" designations, to consumer reporting agencies.

RCVD - USDC COLA SC
JAN 27 '26 AM10:31

4. Defendant's conduct occurred after notice, with access to authoritative documentation, and in reckless disregard of its statutory duties, thereby violating 15 U.S.C. § 1681s-2(b).

5. As a direct and proximate result of Defendant's unlawful furnishing practices, Plaintiff suffered actual damages, including the loss of a VA home-loan opportunity, credit score degradation, increased cost of credit, and severe emotional distress.

6. Defendant's violations were negligent and willful, entitling Plaintiff to actual, statutory, and punitive damages, as well as declaratory and injunctive relief.

## I. PARTIES

7. Plaintiff Shakira N. Banks is a natural person residing in Sumter County, South Carolina, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Defendant Ed Financial Services, LLC is a student-loan servicer and furnisher of information within the meaning of 15 U.S.C. § 1681s-2, conducting business in South Carolina.

## II. JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and the injuries giving rise to the claims occurred here.

## III. FACTUAL ALLEGATIONS
### A. Confirmed Deferment Status

COMPLAINT & JURY TRIAL DEMANDED - 2

11. In or about November 2023, Plaintiff submitted a student-loan deferment request based on active enrollment.

12. American Public University System, through its Registrar, confirmed in writing that Plaintiff's deferment was completed, approved, and active. *(Exhibit A)*

13. While a deferment is active, reporting a loan as delinquent is factually inaccurate and legally impermissible.

## B. False Reporting by Ed Financial

14. Despite the confirmed deferment, Defendant furnished information stating that Plaintiff's student loans were delinquent, including "serious delinquency" designations. *(Exhibits D, F)*

15. These reports were objectively false.

## C. Actual Notice and Knowledge

16. Plaintiff repeatedly contacted Ed Financial at 800-337-6884 to dispute the delinquency and advise of the deferment.

17. Carrier-verified AT&T phone records confirm multiple substantive calls between Plaintiff and Defendant. *(Exhibit B)*

18. Plaintiff advised Defendant of:

   a. The approved deferment;

   b. The inaccurate reporting; and

   c. The resulting credit harm.

19. Defendant therefore had actual notice and actual knowledge of the inaccuracy.

COMPLAINT & JURY TRIAL DEMANDED - 3

### D. Failure to Conduct a Reasonable Investigation

20. After receiving notice, Defendant failed to conduct a reasonable investigation and continued furnishing false information.

21. A furnisher's investigation must be reasonable in light of the information provided.

*Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430–31 (4th Cir. 2004).

### E. Mortgage Harm and Actual Damages

22. On or about March 8th, 2024, Plaintiff entered the VA home-loan qualification process.

23. Mortgage lenders identified Defendant's delinquency reporting as blocking approval, forcing Plaintiff to withdraw. *(Exhibit C)*

24. Plaintiff suffered:

- Loss of a home-purchase opportunity;
- Credit score damage;
- Increased borrowing costs; and
- Severe emotional distress.

25. Emotional-distress damages are recoverable under the FCRA without medical testimony.

*Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503–04 (4th Cir. 2007).

26. A notarized affidavit from Plaintiff's spouse corroborates the damages and causation. *(Exhibit E)*

COMPLAINT & JURY TRIAL DEMANDED - 4

## IV. CAUSE OF ACTION

### COUNT I – Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b) *(Against Ed Financial Services, LLC)*

27. Plaintiff realleges paragraphs 1–26.

28. After receiving notice of dispute, Defendant failed to conduct a reasonable investigation and continued to furnish inaccurate information.

29. Continued reporting of known inaccurate information violates 15 U.S.C. § 1681s-2(b).

    *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 150–51 (4th Cir. 2008).

30. Willfulness includes reckless disregard of statutory duties.

    *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56–60 (2007).

## V. DAMAGES *(15 U.S.C. §§ 1681n, 1681o)*

31. Plaintiff seeks:

- Actual damages;

- Emotional-distress damages;

- Statutory damages;

- Punitive damages for willful noncompliance; and

- Costs and attorney's fees.

## VI. DECLARATORY AND INJUNCTIVE RELIEF

32. An actual controversy exists regarding the accuracy of Defendant's reporting.

33. Plaintiff seeks:

COMPLAINT & JURY TRIAL DEMANDED - 5

- A declaration that Defendant violated the FCRA; and

- An injunction requiring permanent correction and deletion of false tradelines.

## VII. JURY DEMAND *(Fed. R. Civ. P. 38)*

34. Plaintiff demands a trial by jury on all issues so triable, including all claims for legal relief and damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor;

B. Award actual, statutory, and punitive damages;

C. Grant declaratory and injunctive relief;

D. Award costs and fees; and

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/Shakira N. Banks*

Plaintiff, Pro Se

7816 Plum St., Unit B

Shaw Air Force Base, SC 29152

318.376.5892

Shakira.bnaks@icloud.com

Plaintiff certifies that the foregoing exhibits are true and correct copies of documents in her possession, custody, or control and will be authenticated in accordance with the Federal Rules of Evidence.

Respectfully submitted,

*/s/Shakira N. Banks*

Plaintiff, Pro Se

7816 Plum St., Unit B

Shaw Air Force Base, SC 29152

318.376.5892

Shakira.bnaks@icloud.com

EXHIBIT INDEX (REFERENCED IN COMPLAINT ¶¶ 5–21) - 3